UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OMAR RUEDA-DENVERS,

Petitioner,

v.

WARDEN LeGRAND, et al.,

Respondents.

Case No. 3:13-cv-00309-MMD-WGC

ORDER

This habeas matter comes before the Court: (a) on petitioner's application to proceed *in forma pauperis* (dkt. no. 1); (b) for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases; and (c) on a motion for appointment of counsel (dkt. no. 1-3) and motion to stay (dkt. no. 1-4) submitted with the petition.

**I. DEFECTIVE PAUPER APPLICATION AND PETITION**

The papers presented are subject to multiple defects.

First, petitioner did not use the Court's required form for a pauper application and did not attach the required financial attachments. Under Local Rule LSR 1-1, a person seeking pauper status must use the Court's required pauper form. Further, under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, an inmate seeking pauper status must attach both an inmate account statement for the past six (6) months and a properly executed financial certificate. Petitioner neither used the proper form nor attached the required financial attachments. The state court financial certificate that petitioner attached does not satisfy the requirements of the local rule.

Second, petitioner failed to comply with Local Rule LSR 3-1, which requires that he use the Court's required habeas petition form. Petitioner used the first two pages and last page of the form essentially as a cover document and inserted a copy of what appears to be an over thirty-page excerpt from a state court direct appeal brief raising seven issues. Petitioner may not disregard the local rule's requirement that he use the required habeas petition form in this manner. He instead must use the petition form to state his claims within the body of the petition form itself, on the required pages from the petition form.

The defects in the pauper application must be corrected before the action will proceed forward. However, as discussed further below, the Court finds that a provisional grant of petitioner's motion for appointment of counsel is in the interests of justice, assuming financial eligibility. The Court is proceeding with provisionally appointing counsel now so that counsel will be able to proceed at this point to preserve petitioner's claims to the extent that, *arguendo*, that is possible at this juncture.

However, petitioner still must timely: (a) pay the filing fee or submit a proper pauper application; and (b) even if he pays the fee, submit sufficient financial materials – including a current inmate account statement – confirming his financial eligibility for appointment of counsel. If he fails to timely pay the filing fee or submit a proper pauper application, the action will be dismissed without further advance notice. If he fails to confirm his financial eligibility, the provisional appointment of counsel will not be confirmed.

With these qualifications, the Court turns to the motion for appointment of counsel.

## II. APPOINTMENT OF COUNSEL

Petitioner Omar Rueda-Denvers seeks to challenge his 2010 Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, two counts of possession of an explosive or incendiary device, and transportation or receipt of explosives for

unlawful purpose with substantial bodily harm. The charges are related to a 2007 bombing at the Luxor Hotel and Casino in Las Vegas, Nevada. It appears that petitioner has been sentenced to, *inter alia*, a life sentence without the possibility of parole.

Petitioner's conviction was affirmed by the Supreme Court of Nevada in a February 24, 2012, order of affirmance. The remittitur issued on March 20, 2012. The time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on May 24, 2012, ninety (90) days after the order of affirmance (not the remittitur).

Absent tolling or delayed accrual, the one-year federal limitation period expired one year later on Friday, May 24, 2013. On the first page of the federal petition, Rueda-Denvers alleges that he mailed the petition for filing on June 7, 2013. The federal petition thus, on its face, would appear to be untimely, absent tolling or delayed accrual.

The online docket record for the state district court reflects that petitioner filed a state post-conviction petition on March 26, 2013. A prison mailbox rule does not apply to determine the filing date of a state post-conviction petition under Nevada state law, and the date of filing rather than mailing thus is controlling in that regard. It therefore would appear likely, at least based on the currently available information, that the state petition is untimely on its face because it was filed more than one year after the March 20, 2012, issuance of the remittitur on the state direct appeal. Petitioner indeed maintains in his federal papers that the State has challenged the timeliness of the state petition in the state district court.

Under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the pendency of the March 26, 2013, state petition will statutorily toll the running of the federal limitation period only if the state courts ultimately hold that the petition is timely on a showing of cause to overcome the facial untimeliness of the state petition. If the state petition instead is held to be untimely, then the federal petition will remain untimely on its face.

///

Against the backdrop of the foregoing strictly preliminary and non-definitive review, the Court finds that appointment of counsel is in the interests of justice given: (a) the lengthy sentence structure, which includes a sentence of life without the possibility of parole; (b) the potential complexity of the procedural and substantive issues that may be presented, including, in particular, the interrelationship of the currently pending state and federal proceedings relating to the timeliness of the federal proceedings; and (c) the concerns raised by Judge Reed in *Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007), based on the record presented at that time, regarding effective access to legal resources at the institution in which petitioner is held, in connection with a discretionary appointment of federal habeas counsel.[1]

The motion for appointment of counsel therefore will be provisionally granted, subject both to timely satisfaction of the filing fee requirement and confirmation of petitioner's financial eligibility for appointment of counsel.

**III. MOTION TO STAY**

The Court will deny the *pro se* motion to stay without prejudice to appointed counsel seeking similar relief or other relief following review and investigation of the matter.

Federal habeas counsel should note that the mere fact that the Court has appointed counsel does not give rise to post-filing equitable tolling up and until the time

[1]As multiple subsequent decisions in this Court have recognized, the *Koerschner* decision, which granted a motion for appointment of federal habeas counsel, does not conclusively establish that the legal resources at Lovelock Correctional Center ("Lovelock") are constitutionally inadequate. Nor does the decision automatically establish cause and prejudice to overcome a procedural default or a basis for equitable tolling of the federal limitation period. The Court nonetheless does take into account that Lovelock inmates can access the prison law library only indirectly through a paging system. The Court's concern in appointing federal habeas counsel is not limited to avoiding a constitutional violation, as it instead seeks to serve the interests of justice in a broader sense. In that regard, the Court takes into account how access to legal resources is provided at the institution. *Cf. Koerschner*, 508 F.Supp.2d at 861-62 ("The Court . . . informs respondents that the undersigned will view the presence of similar limitations on access to legal resources as a strong factor weighing in favor of appointment of counsel in other habeas cases before this Court that present nonfrivolous claims and that potentially may proceed to service of the petition.").

that counsel ultimately may file an amended petition. The Federal Public Defender never has cited apposite authority establishing that a petitioner is entitled to such post-filing equitable tolling, and the Court repeatedly has rejected the proposition that a petitioner is automatically entitled to post-filing tolling up until the petitioner files a counseled amended petition.

In the present case, the original federal petition, at best, asserts only claims raised on direct appeal. The petition does not raise any claims of ineffective assistance of counsel by either trial or appellate counsel. Federal habeas counsel accordingly perhaps may find it advisable to give serious consideration, the substantial timeliness issue notwithstanding, to possibly filing a counseled amended petition prior to seeking a stay or other relief. The Court informs counsel now that the mere grant of a motion to stay will not operate to toll the running of the limitation period as to additional claims, which period does not appear to be tolled in any event at this point as to additional claims.[2]

In the subsequent scheduling order formally confirming the appointment of counsel, the Court will set a time period for filing an amended petition and/or seeking other appropriate relief. What action is taken and what relief is sought thereafter of course will be up to petitioner.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the application (dkt. no. 1) to proceed *in forma pauperis* is DENIED without prejudice. Petitioner shall have thirty (30) days within which to either pay the $5.00 filing fee or submit a properly-completed pauper application. This action will be dismissed without further advance notice if he fails to do so.

IT IS FURTHER ORDERED that the Clerk of Court shall file the petition.

---

[2]The Court further would note that the current petition does not appear to constitute a mixed petition with unexhausted claims, which arguably is a prerequisite for a stay in the first instance.

IT IS FURTHER ORDERED that the Clerk shall file the motion (dkt. no. 1-3) for appointment of counsel submitted with the petition, that the motion is provisionally GRANTED as per the remaining provisions below, and that the Clerk shall reflect the provisional grant of the motion by this order in the docket entry for the motion. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within thirty (30) days of entry of this order: (a) satisfying the filing fee requirement, as directed above; and (b) if a properly-completed pauper application is not filed, filing a current inmate account statement confirming his financial eligibility under 18 U.S.C. § 3006A.

IT IS FURTHER ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the procedural history discussed herein, for approximately one hundred fifty (150) days from entry of the formal order of appointment. Petitioner potentially also will be able to file a motion for a stay with the amended petition if it includes unexhausted claims. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.

IT IS FURTHER ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of

entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner (along with a copy of the petition), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED THIS 18th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE