UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMAR RUEDA-DENVERS,<br><br>                          Petitioner,<br>v.<br><br>WARDEN LEGRAND, et al.,<br><br>                          Respondents. | Case No. 3:13-cv-00309-MMD-WGC<br><br>ORDER |

This represented habeas matter comes before the Court on petitioner's motion to stay (dkt. no. 24). Respondents have filed a non-opposition to the motion, while reserving any applicable default-type defenses. Dkt. no. 25.

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the Court finds that petitioner has demonstrated good cause, that the unexhausted grounds include claims that are not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics.

The Court expresses no opinion as to whether the circumstances presented satisfy the cause and prejudice standard with respect to any claim of procedural default. The Court's holding herein should not be read as an express or implied holding on this issue or any other issue. The Court holds only that the criteria for a stay under *Rhines* have been satisfied, and its findings and holding are expressly limited to that specific context.

Moreover, as also specified in prior orders herein, neither the grant of a stay nor any deadline or extension thereof established for the filing of papers in this matter will in and of itself operate to extend any applicable limitations period. Petitioner at all times remains responsible for calculating the running of all limitation periods and timely presenting claims. That is, by granting a stay, setting a deadline to file papers herein, and/or granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely or on any other ground. See *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is therefore ordered that petitioner's motion for a stay (dkt. no. 24) is granted and that this action is stayed pending exhaustion of the unexhausted claims, subject to respondents' reservation of defenses and the provisos in the preceding two paragraphs of this order.

It is further ordered that petitioner may move to reopen the matter following exhaustion of the claims, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances. The reopened matter will proceed under the current docket number.

It is further ordered that the grant of a stay is conditioned, given that state post-conviction proceedings previously have been commenced, upon petitioner returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

It is further ordered that, with any motion to reopen filed following completion of all state court proceedings pursued, petitioner: (a) shall attach an indexed set of exhibits (with the corresponding CM/ECF attachments identified by exhibit number(s) on the

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to reinstate the stay for the duration of any such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

docketing system) containing the state court record materials relevant to the issues herein that cover the period between the state court exhibits on file in this matter and the motion to reopen; and (b) if petitioner intends to amend the petition, shall file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave. No claims are dismissed by this order.

It is further ordered that any further hard copies of exhibits for this case shall be sent to the Clerk's Office in Reno.[2]

It is further ordered that, following upon petitioner's motion or motions (*i.e.*, any motion to reopen, for leave to amend, for an extension, or for other relief), respondents thereafter shall have thirty (30) days to file a response to the motion or motions filed. The Court will screen the matter after the action is reopened, and the Court will issue an appropriate scheduling order regarding the presentation of defenses to the petition, as amended, after it has been determined whether the pleadings will be amended following the stay.

It is further ordered that the Clerk of Court shall administratively close this action until such time as the Court grants a motion to reopen the matter.

DATED THIS 30th day of April 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]There is no need to resend another set of any prior hard copies sent instead to Las Vegas pursuant to prior directives in this case. When needed, the Court will direct the Clerk administratively to send hard copies previously received in Las Vegas, if any, to Reno.