UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMAR RUEDA DENVERS,<br><br>　　　　　Petitioner,<br>　v.<br>WARDEN LEGRAND, et al.,<br><br>　　　　　Respondents. | Case No. 3:13-cv-00309-MMD-WGC<br><br>ORDER |

This counseled habeas matter under 28 U.S.C. § 2254 is before the Court on respondents' motion to dismiss two grounds in petitioner Omar Rueda-Denvers' first-amended petition (ECF No. 31). Rueda-Denvers opposed (ECF No. 34).

## I.    PROCEDURAL HISTORY AND BACKGROUND

On August 28, 2009, a jury convicted Rueda-Denvers of count 1: first-degree murder with the use of a deadly weapon; count 2: attempted murder with the use of a deadly weapon; counts 3 and 4: possession of explosive or incendiary device; and count 6: transportation or receipt of explosives for unlawful purpose with substantial bodily harm (Exh. 89).[1] The state district court sentenced Rueda-Denvers as follows: count 1 — life without the possibility of parole; count 2 — 96 to 240 months, with a consecutive 96 to 240 months for the deadly weapon enhancement, consecutive to count 1; counts 3 and 4 — two terms of 24 to 60 months; and count 6 — 24 to 120

---

[1] The exhibits referenced in this order are exhibits to the first-amended petition, ECF No. 13, and are found at ECF Nos. 14-23, 29.

months. Exhs. 94, 96. Counts 3, 4, and 6 were to run concurrent to count 2. (Exh. 96.) Judgment of conviction was entered on January 14, 2010. (Exh. 97.)

On February 24, 2012, the Nevada Supreme Court affirmed the convictions, and remittitur issued on March 20, 2012. (Exhs. 105, 106.)

Rueda-Denvers filed a proper person state postconviction habeas corpus petition on March 26, 2013, and a counseled supplemental petition on February 24, 2014. (Exhs. 110, 114, 115.)

In the meantime, Rueda-Denvers dispatched his federal habeas petition for filing on June 7, 2013. (ECF No. 4.) This Court appointed counsel, and Rueda-Denvers filed a counseled first-amended petition on March 17, 2014. (ECF No. 13.) On March 30, 2014, the Court granted Rueda-Denvers' unopposed motion to stay pending the completion of petitioner's state-court proceedings. (ECF No. 26.)

On July 21, 2015, the Nevada Supreme Court affirmed the denial of the state postconviction petition as time-barred, and remittitur issued on August 17, 2015. (Exhs. 126, 127.)

This Court granted Rueda-Denvers' motion to reopen his federal habeas proceedings, and respondents now move to dismiss grounds 5 and 6 as procedurally barred. (ECF Nos. 30, 31.)

## II.  PROCEDURAL DEFAULT

Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims bar him or her from obtaining a writ of habeas corpus in federal court under the adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir.1996).

### III.   INSTANT PETITION

Respondents argue that grounds 5 and 6 are procedurally defaulted. The Nevada Supreme Court affirmed the denial of these claims in Rueda-Denvers' counseled state postconviction petition. (Exh. 126.) In ground 5, Rueda-Denvers claims that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when counsel: (A) failed to present mitigation evidence at sentencing; and (B) failed to request a jury instruction on mere presence. (ECF No. 13 at 19-22.) In ground 6, he claims appellate counsel: (A) failed to raise on appeal a claim that the Spanish interpreter at trial was inadequate; and (B) failed to raise on appeal a claim that trial counsel was ineffective for failing to request a mere presence jury instruction. *Id.* at 22-25.

Under Nevada law, the state district court shall deny a state postconviction petition filed more than one year after the issuance of the remittitur on direct appeal. NRS § 34,726(1). Remittitur on direct appeal issued on March 20, 2012. Rueda-Denvers filed his state postconviction petition on March 26, 2013. The Nevada Supreme Court explicitly relied on this procedural bar when it found Rueda-Denvers' state

postconviction petition to be untimely and affirmed the denial of the claims that correspond to federal grounds 5 and 6. (Exh. 126.) The Ninth Circuit Court of Appeals has held that the application of the procedural bar of NRS § 34.726 is an independent and adequate state ground. *Collier v. Bayer*, 408 F.3d 1279, 1285 (9th Cir. 2005); *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000).

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman*, 501 U.S. at, 753; *Carrier*, 477 U.S. at 488. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir.1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984).

While Rueda-Denvers handed his state petition to prison officials for mailing on March 18, 2013, Nevada has rejected the prison mailbox rule for the filing of Nevada state habeas petitions. *Gonzales v. State*, 53 P.3d 901, 904 (Nev. 2002). This court is "bound by the Supreme Court's directive to apply state procedural law" to determine whether Rueda-Denvers petition was timely filed. *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014).

The state district court heard argument on the State's motion to dismiss the petition as time-barred. (Exh. 117.) The court then concluded that Rueda-Denvers had failed to establish good cause and prejudice because he did not demonstrate that an impediment external to the defense excused his delay.[2] (*Id.*) The state district court found that petitioner was not entitled to an evidentiary hearing on whether he could

---

[2] Counsel for Rueda-Denvers acknowledged to the state district court that her client "understands English, but no legal terms." (Exh. 117 at 9.)

4

demonstrate good cause to overcome the procedural bars due to a language barrier, or due to lack of access to the law library, noting in the order denying the petition that petitioner had failed to even allege that translation was an issue in this case and had failed to demonstrate any issue with access to the law library. (Exh. 118 at 4.) In affirming the state district court, the Nevada Supreme Court concluded that Rueda-Denvers failed to allege sufficient facts to entitle him to an evidentiary hearing and had failed to demonstrate that an impediment external to the defense excused his delay. (Exh. 126.)

Rueda-Denvers now argues that he can demonstrate good cause due mainly to a language barrier, lack of access to the law library and legal materials, and lack of assistance and legal materials in Spanish. (ECF No. 34.) He cites to *Mendoza v. Carey*, in which the Ninth Circuit remanded for an evidentiary hearing as to whether Mendoza's lack of access to Spanish-language legal resources and Spanish-speaking law library assistance amounted to an extraordinary circumstance for the purposes of the equitable tolling analysis of the AEDPA one-year statute of limitations for filing a federal petition. 449 F.3d 1065 (9th Cir. 2006).

In his opposition to the motion to dismiss, Rueda-Denvers sets forth the following allegations based on information and belief. He was born in Colombia, later lived in Panama and then entered the United States illegally. He had lived in the United States about one year at the time of the incident. He had little formal education and never formally learned to speak, read or write in English. His appellate counsel only sent him letters in English. (*Id.* at 12.)

At the time remittitur issued on the denial of his direct appeal on March 20, 2012, Rueda-Denvers was housed at Ely State Prison. After the state district court granted appellate counsel's motion to withdraw as counsel, he sent Rueda-Denvers his files about May 2012. Due to his work schedule, Rueda-Denvers went to the law library on one of the two days of the week that inmates could go to the law library, but there were no Spanish-language documents or materials. The Spanish-speaking law library

assistant refused to help him because he was unable to pay for the assistance. (*Id.* at 15-16.)

NDOC transferred Rueda-Denvers to Lovelock Correctional Center (LCC) about August 2012. LCC does not permit physical access to the law library. He was in an incoming unit for the first month, and no law library assistant came to this unit. He was then moved to another unit; a law library assistant would come three days per week but did not speak Spanish. He called his appellate counsel in approximately January 2013. The attorney's legal assistant told petitioner that his former counsel could not pursue a habeas petition for petitioner and that petitioner could not file a petition in Spanish. Finally, Rueda-Denvers claims that about February 2013, he was moved to a cell with an inmate who spoke a little Spanish; his cellmate attempted to help him fill out his petition in English. (*Id.* at 16-17.)

Respondents did not file a reply in support of the motion to dismiss.

This Court concludes that the question of whether Rueda-Denvers can demonstrate good cause and actual prejudice, or a fundamental miscarriage of justice, to excuse the procedural default of grounds 5 and 6 is intertwined with a resolution of the merits of the claims to the extent that it best serves judicial economy to defer this Court's cause and prejudice determination at this time. Accordingly, respondents' motion to dismiss is denied without prejudice. The parties may renew their arguments regarding cause — and in particular prejudice — in conjunction with their briefing of the petition on the merits.

**IV.     CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (ECF No. 31) is denied without prejudice as set forth in this order.

It is further ordered that respondents will have sixty (60) days to file an answer to the remaining grounds in the first-amended petition.

It is further ordered that petitioner will have sixty (60) days after the date of service of the answer in which to file the reply in support of the petition.

6

It is further ordered that petitioner's first and second motions for extension of time to file an opposition to the motion to dismiss (ECF Nos. 32 and 33) are both granted *nunc pro tunc.*

It is further ordered that petitioner's motion to file late pleading (ECF No. 35) is granted.

DATED THIS 26th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE